UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Zachary Otis Matthews,                               Civ. No. 11-651 (PAM/TNL)

              Petitioner,

v.                                                                **ORDER**

State of Minnesota,

              Respondent.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Tony N. Leung dated October 5, 2012. In the R&R, Magistrate Judge Leung recommends that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 be denied. (Docket No. 17.) Petitioner filed timely objections to two aspects of the R&R. (Docket No. 18.)

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court denies Petitioner's objections and adopts the R&R.

Petitioner first objects to the Magistrate Judge's determination that the record did not support Petitioner's argument that he was denied due process because of prosecutorial misconduct. Petitioner contends that the prosecutor violated his due process rights during closing arguments because the prosecutor characterized the defense theory as "ridiculous," "unbelievable," and "concocted" and because the prosecutor misstated the law by arguing

to the jury that "any relationship evidence" between Petitioner and the victim "constituted evidence of the pattern of domestic abuse." (Pet'r's Opp'n at 3-4.) The Court agrees with Magistrate Judge Leung that none of the instances of alleged prosecutorial misconduct establish a constitutional violation.

With respect to the prosecutor's comments regarding the defense theory, Petitioner has not shown that those comments manipulated or misstated the evidence. Nor has he shown that the verdict would have been different absent such comments. Indeed, the record amply supports Petitioner's conviction.

The prosecutor's comments regarding the "relationship evidence" likewise did not amount to a constitutional violation. Even if the prosecutor's comments were erroneous, which Petitioner has not established, Petitioner has not and cannot demonstrate that the verdict would have been different absent the alleged error.

Petitioner next objects to the Magistrate Judge's denial of Petitioner's claim that his equal protection rights were violated during jury selection because the prosecution excused a minority juror. The record demonstrates that there was a non-racial reason for the strike. When asked about past experience with domestic violence, the juror gave a response that indicated that he may be inclined to blame the victim of abuse. (R&R at 13.) Under these circumstances, Petitioner was not denied equal protection.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 17) is **ADOPTED**;

2. Petitioner's Petition for Writ Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Docket No. 1) is **DENIED**;

3. This case is **DISMISSED** without prejudice; and

4. Petitioner is **DENIED** a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: November 7, 2012

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge